42544. BAILEY v. THE STATE.
(335 SE2d 108)

MARSHALL, Presiding Justice.

Andy Bailey appeals from his conviction of malice murder and his life imprisonment sentence. His sole enumerated error is the alleged insufficiency of the evidence to support the verdict.[1]

There was evidence to authorize the jury to find as follows. The appellant and his wife, Angela, had been married between five and six years and had two children. They lived in a duplex in the City of Rome. At the time of the shooting of Angela, on March 7, 1984, the appellant was employed at the Floyd Medical Center as a paramedic.

The appellant and his wife had substantial marital difficulties; they argued frequently and had separated on several occasions. Their neighbor in the duplex regularly heard fighting, banging on the walls, and rumbling emanating from the appellant's residence, followed by

---

[1] The date of the crime was March 7, 1984. The conviction was on March 20, 1985. A motion for new trial was filed on April 3, 1985, and denied on June 5, 1985. The notice of appeal was filed on July 2, 1985. The transcript of evidence was filed on May 31, 1985. The record was docketed in this court on July 23, 1985. After briefing, it was submitted for decision without oral argument on September 6, 1985.

the screams of Angela. During arguments, the appellant would tell Angela that she was trash, a maggot, a fat pig, and that he hated her. He would further state that he was "in love with another woman. What do you think about that?" The appellant's raging intensified to the point that his neighbor moved to a different duplex.

In addition to marital problems, the appellant and his wife also had financial difficulties; both the gas and electrical services had been terminated several times. In spite of this, the appellant purchased for $125 the .38 caliber Smith & Wesson revolver which shot Angela approximately one week prior to her death. The appellant was familiar with the procedure for loading and unloading of ammunition, as he had been in the Marine Corps and had been employed as a police officer and as a security guard.

At approximately 4:30 p.m. on March 7, 1984, Angela picked the appellant up from work at the hospital. He purchased beer and other items on the way home. During the evening, he brought his pistol into the kitchen from the bedroom closet, unloaded it, placed the ammunition in his pocket, and left the revolver on the table. He drank approximately six or seven beers. Angela left their residence, picked up the appellant's pay check, and then returned home. Shortly thereafter, the revolver was fired in the bedroom. The appellant removed the fired round, put the cartridge in his pocket, and placed the gun on the dresser. Angela had been struck by the bullet, and began to make gurgling sounds. The appellant attempted to perform CPR (Cardio-Pulmonary Resuscitation) on her, then ran for assistance.

When the police arrived at the scene at approximately 10:40 p.m., they observed Angela lying on the floor with her feet partially out of the front door, with the appellant leaning over her. A police officer did not detect any life signs. The appellant did not deny being present at the time of the shooting, but instead claimed that in a struggle for the weapon, the weapon went off, wounding the victim. The empty pistol was recovered from the top of the bedroom chest of drawers. A live round of ammunition was located on the kitchen floor. The spent cartridge was recovered from the appellant's right front pants pocket, and four live rounds were discovered in the appellant's left front pants pocket. The appellant could not explain how the bullet which killed his wife entered her body from the front of her left chest, exited at the rear of her right shoulder, and struck the wall on the opposite side from the victim's approach to the appellant. The muzzle-to-target distance was approximately 18 inches. It would have required two and one half pounds of pressure to pull the trigger for double action. It was determined that there would be no reason for the weapon to have fired accidentally.

The foregoing evidence is sufficient to support the verdict of guilty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)

(1979).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 1, 1985 —
RECONSIDERATION DENIED OCTOBER 22, 1985.

*Christopher A. Frazier,* for appellant.
*Stephen F. Lanier,* District Attorney, *Michael J. Bowers,* Attorney General, *Eddie Snelling, Jr.,* Staff Assistant Attorney General, for appellee.